**Nena NWACHUKU, Appellant**

v.

**Lisa Perez JACKSON, Administrator, United States Environmental Protection Agency, Appellee.**

**No. 09–5120.**

United States Court of Appeals, District of Columbia Circuit.

March 19, 2010.

Before: SENTELLE, Chief Judge, and GINSBURG and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be affirmed.

Nwachuku was a scientist at the Environmental Protection Agency. She alleges that she was passed over for promotion as a result of discrimination based upon her race or upon her national origin and then fired in retaliation for EEO activity relating to her non-promotion. The district court granted summary judgment to the EPA on both claims. We affirm.

As to Nwachuku's discrimination claim arising out of her non-promotion, only two promotions were available, for which 55 candidates were eligible. Nwachuku's arguments fail to cast doubt upon her employer's stated rationale for not promoting her—namely, her sometimes difficult relations with co-workers. Based on all of the evidence presented to the district court, no rational trier of fact could find that Nwachuku's non-promotion was a result of unlawful discrimination.

Nwachuku's retaliation claim is similarly untenable. To overcome summary judgment on a retaliation claim, an employee must produce sufficient evidence that "she engaged in protected activity, as a consequence of which her employer took a materially adverse action against her." *Weber*

*v. Battista,* 494 F.3d 179, 184 (D.C.Cir. 2007). Here, however, Nwachuku introduced insufficient evidence that the supervisor responsible for her termination exhibited any retaliatory behavior or animus against her. In light of all the evidence presented, no rational trier of fact could conclude that Nwachuku was terminated as retaliation for protected activity.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41(b).